862 F.2d 677
 50 Ed. Law Rep. 691
 Kalima JENKINS, by her friend Kamau AGYEI; Carolyn Dawson,
by her friend Richard Dawson; Tufanza A. Byrd, by her next
friend, Teresa Byrd; Derek A. Dydell, by his next friend
Maurice Dydell; Terrance Cason, by his next friend, Antoria
Cason; Jonathan Wiggins, by his next friend Rosemary Jacobs
Love; Kirk Allan Ward, by his next friend, Mary Ward;
Robert M. Hall, by his next friend, Denise Hall; Dwayne A.
Turrentine, by his next friend, Sheila Turrentine; Gregory
A. Pugh, by his next friend, David Winters, on behalf of
themselves and all others similarly situated; Appellees,
and
American Federation of Teachers, Local 691,
v.
The STATE OF MISSOURI; Honorable John Ashcroft, Governor of
the State of Missouri; Wendell Bailey, Treasurer of the
State of Missouri; Missouri State Board of Education,
Roseann Bentley, Dan Blackwell, Terry A. Bond, President,
Delmar A. Cobble, Grover Gamm, Jimmy Robertson, Robert L.
Welling, Donald E. West, Members of the Missouri Board of
Education, Arthur L. Mallory, Commissioner of Education of
the State of Missouri, Appellants,
and
School District of Kansas City, Missouri and Claude C.
Perkins, Superintendent thereof, Icelean Clark; Bobby
Anderton; Eleanor Graham; John C. Howard; Craig Martin;
Gay D. Williams; Kansas City Mantel & Tile Co.; Coulas &
Griffin Insurance Agency, Inc.; Sharon Dunham; Lindsay K.
Kirk; Linda Frazier; Rick Feierabend; Linda Hollenbeck;
James Hollenbeck; Susan Horseman; and Clifford M.
Horseman, Jackson County, Missouri.
 No. 88-1698.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 19, 1988.
Decided Dec. 1, 1988.
 
 Michael J. Fields, Asst. Atty. Gen., Jefferson City, Mo., for appellants.
 Arthur A. Benson, II, Kansas City, Mo., and Russel E. Lovell, II, Des Moines, IA., for appellees.
 Before LAY, Chief Judge, HEANEY and JOHN R. GIBSON, Circuit Judges.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 The State of Missouri appeals an order of the district court[1] awarding fees in the Kansas City, Missouri School District (KCMSD) litigation. The sole issue before us is whether the district court erred by including in the attorney fee award services rendered by Arthur Benson and his staff for their activities in the Kansas City school district levy elections. The district court found that the work expended by Benson and his staff on the levy election activity was not "political activity" and therefore compensable under the Civil Rights Attorneys Fees Awards Act, 42 U.S.C. Sec. 1988. We affirm.
 
 
 2
 We recognized in our earlier opinion, Jenkins v. State of Missouri, 855 F.2d 1295 (8th Cir.1988), that before a district court could consider whether taxes should be levied to fund the school desegregation remedy there must be an "exploration of every other fiscal alternative." Id. at 1310 (citing Liddell v. Missouri, 731 F.2d 1294, 1320 (8th Cir.1984)). To comply with this requirement, the KCMSD submitted levy increases to its electorate on four occasions between early 1986 and early 1987. The Jenkins class of students, the primary beneficiaries of the desegregation plan, organized an effort to secure passage of these measures. The KCMSD electorate defeated all four measures and the district court later ordered full funding of its remedy, including a court ordered tax levy. The Jenkins class then sought for its counsel an award of attorney fees and expenses incurred during the 1986-87 school year. The district court awarded the Jenkins class a portion of the fees and expenses it requested, including the hours expended by Benson and that of paralegals spent working on levy elections.
 
 
 3
 The state resisted the award of fees for services rendered on the levy election, contending that such services are, as a matter of law, political activities. The district court rejected this argument, holding that Benson did not hold a political office and was not seeking to secure political advantage in a future election. The district court further concluded that a condition to granting fiscal relief by the court was exploration of funding alternatives and that "[t]herefore, the hours spent by Mr. Benson and his staff on the levy election was aimed at avoiding the necessity of this court's intervention, and despite the levy's failure, these efforts were expended pursuant to the procedures set forth in Liddell and thus are compensable under 42 U.S.C. Sec. 1988."
 
 
 4
 The state now asserts this same argument on appeal, particularly relying on Daggett v. Kimmelman, 811 F.2d 793 (3rd Cir.1987). In Daggett, the court held that section 1988 imposed no obligation to compensate counsel's efforts expended in partisan negotiations and proceedings for congressional reapportionment, because of the "extraordinary political machinations and implications" of such activities. Id. at 801. Daggett, however, considered the issue of reapportionment to be fundamentally political, while in this case Benson's services were in furtherance of educational funding and in no way secured political advantage in a future election. Although the Jenkins class used a political mechanism, the levy elections, to achieve their goal of funding the desegregation remedy, the submission of the levy increase was a necessary condition to seeking further court ordered relief. We therefore conclude that work in the levy election was not "political" as defined in Daggett.
 
 
 5
 The state also argues that efforts by the Jenkins class on behalf of the levy elections were not necessary because the KCMSD, not the Jenkins class, submitted the levy proposals to the voters. Although we recognize that attorney time is not compensable unless it is "reasonably expended on the litigation," Webb v. Board of Education of Dyer County, 471 U.S. 234, 242, 105 S.Ct. 1923, 1928, 85 L.Ed.2d 233 (1985), we do not believe that Benson and his staff's services were unnecessary. The Jenkins class initiated the litigation which ultimately led to the district court's remedy and funding order, and Benson's efforts in attempting to secure passage of the tax levy was a prerequisite to the funding remedy. Furthermore, it was not the sole responsibility of the KCMSD to support the levy. The Jenkins class, who stood to benefit from the increased funding, performed a valuable and not unexpected role in the levy elections. While the work performed involved the election process, it was to further the goals sought in litigation, and was related to the conditions for further court intervention enumerated by this court.
 
 
 6
 Finally, the state argues that Benson and his staff's activities are not compensable because their efforts were unsuccessful. This argument is frivolous. Had the levy passed, the need for court action as to funding would have been lessened, if not made altogether unnecessary. The failure of the tax levy, however, was a prerequisite to the efforts by the Jenkins class to obtain court ordered funding. While the efforts to pass the levy were not successful, the Jenkins class achieved their ultimate goal of attaining court ordered funding. See Hensley v. Eckerhart, 461 U.S. 424, 430-32, 103 S.Ct. 1933, 1937-39, 76 L.Ed.2d 40 (1983).
 
 
 
 [1]
 Accordingly, we affirm the district court's order awarding attorney fees to Benson and his staff for services rendered in the levy elections
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri